# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 3:18-CV-1360
     :
JOSEPH P. GIOVANNINI, *et al.*, :
    Defendants. :

## MEMORANDUM

SÁNCHEZ, J.                                                                                  FEBRUARY 7th, 2019

*Pro se* Plaintiff Antonello Boldrini has filed this action against Assistant District Attorney Joseph P. Giovannini, attorney Joseph M. Nocito, Marianne Cameli (an "estate executrix and trustee"), attorney Chris Cullen, Sgt. Gary Thomas, Corporal Bradley Shatinsky, Trooper Ronald Jarocha, First Assistant District Attorney F. Cortez Bell, III, Trooper Carol Ponce, Magistrate Patrick Ford, State Trooper John Doe, Donald Ferrario (of "Ferrario Auto Center and Ferrario Auto Team"), and Magistrate Walter A. Strohl. (ECF No. 1.) Boldrini has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), eleven Appendices in support of his Complaint (ECF Nos. 4-14), an "Emergency Request for Issuing of Summons" (ECF No. 15), and an Emergency Motion for Service Pursuant to Rule 4(c)(3) and for Extension of Time to Serve Initial Complaint (ECF No. 16). For the following reasons, the Court will grant Boldrini leave to proceed *in forma pauperis*, dismiss his Complaint, and deny his Motions regarding service.

**I.     FACTS**

In his Complaint, Boldrini asserts that he is the victim of a conspiracy "that started [in] 2004 and [i]nclude[s] all Defendants." (Compl. at 3.) On July 7, 2016, he "obtained the [proof]

of [a] conspiracy" between Defendants Cameli, Giovannini, Nocito, Cullen, and Thomas for Boldrini "to return from Canada to be [k]idnapped [a]t his return at Philadelphia International Airport." (*Id.*)

According to Boldrini, these Defendants called a Magistrate "and asked to organize an arraignment [f]or [him]." (*Id.*) The arraignment was set, and on December 16, 2008, Cameli learned that Boldrini was in Canada and "[advised] directly or indirectly defendant Giovannini." (*Id.*) That same day, Nocito called Boldrini and "order[ed] him to [r]eturn immediately same day. Boldrini did so." (*Id.*) Boldrini then claims that the "Luzerne County Conspirators contacted Defendant Ponce in Jefferson County," and that he "sent a fabricated psp incident report to [trooper] K having no OTN number." (*Id.*)

On December 16, 2008, Boldrini was "[thrown] in jail by Defendant PSP Trp. [h]aving no name" upon his return from Canada. (*Id.*) He alleges that he was arrested "without any [legal] [r]eason." (*Id.*) Magistrate Strohl "having no legal reason and no lawyer process[ed] Boldrini as [a fugitive and] [k]nowingly and purposely [s]et $50,000 bail." (*Id.*) Boldrini was then "kidnapped to Clearfield County for twenty five days under alleged charges." (*Id.*)

On January 6, 2009, Giovannini coerced Boldrini's wife "to execute the false sale [o]f a property to herself as alleged trustee to benefit Defendant [Cameli] and to [steal] [i]nsurance bank [a]ccount reserved for Daniele Boldrini and Michael Pega." (*Id.*) According to Boldrini, the state trooper Defendants then "cover[ed]-up the assault that Defendant Shatinsky and Jarocha and in conspiracy with Defendant Ferrario and Giovannini did on 11/28/2005 in need to compromise Boldrini cause the kidnapping." (*Id.*) He also suggests that "Corte" (presumably a reference to F. Cortez Bell, III) and Ford conspired to cover up "fraud in the court." (*Id.*)

As noted above, Boldrini filed eleven Appendices in support of his Complaint. These Appendices contain a total of 1,781 pages. They include copies of state court filings, including transcripts, dockets, criminal complaints, and other documents. Boldrini has also included copies of newspaper articles, paperwork related to various transactions made by Cataldo's Collision Service, and copies of dockets and filings from his previous cases filed in this Court as well as the United States Court of Appeals for the Third Circuit. State court dockets indicate that in 2008, Boldrini was charged with four counts of theft by deception-false impression and four counts of deceptive business practices in the Court of Common Pleas for Clearfield County. *See Commonwealth v. Boldrini*, Docket No. CP-17-CR-0000196-2009 (Clearfield Cty. Common Pleas). Ultimately, in March of 2010, Boldrini was placed in the county's Accelerated Rehabilitative Disposition ("ARD") program. *Id.*

Based on the above allegations, Boldrini asserts violations of his rights pursuant to 42 U.S.C. § 1985(2) and (3). (Compl. at 2, 4-5.) As relief, Boldrini seeks "compensatory damages and [d]eclaratory [a]nd injunctive relief [i]n excess of $10,000,000.00." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant Boldrini leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Boldrini's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Boldrini is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Boldrini's Pleading Does Not Comply with Rule 8(a)

As noted above, the purpose of Rule 8 is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian*, 2017 WL 3494219, at *3. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).

4

Here, Boldrini has only included vague allegations in his Complaint. Instead, he appears to rely almost entirely on his eleven Appendices, which total 1,781 pages, and which include various documents, some of which do not appear to have any relevance to Boldrini's claims. By presenting his claims in this manner, Boldrini has failed to comply with the relevant procedural rules, making it difficult for the Defendants to meaningfully respond to his pleading and for the Court to process his Complaint. *See, e.g., DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a)."). For that reason alone, Boldrini's Complaint is subject to dismissal.

### B. Claims Pursuant to 42 U.S.C. § 1985

As noted above, Boldrini claims that the Defendants' actions violated his rights under 42 U.S.C. § 1985(2) and (3). To state a claim under § 1985(2), a plaintiff

> must point to a federal or state proceeding with which the defendants have interfered. In the case of a state proceeding, [s]he must allege that such interference was done to "deny to any citizen the equal protection of the laws." Otherwise, a claim under § 1985(2) must fail. Additionally, the Supreme Court of the United States has interpreted the second portion of § 1985(2) to require that the conspirators' actions in furtherance of their objective have some "racial, or perhaps otherwise class-based, invidiously discriminatory animus" and be "motivated by an intent to deprive their victims of the equal protection of the laws."

*Abuomar v. Commonwealth of Pa. Dep't of Corr.*, No. 4:14-CV-01036, 2017 WL 2972825, at *3 (M.D. Pa. July 12, 2017) (citations omitted). Moreover, "to state a claim under 42 U.S.C. §

1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). While Boldrini suggests that the Defendants acted improperly during his state court proceedings and conspired against him, he fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(2) and (3). Thus, his claims under § 1985(2) and (3) will be dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Boldrini leave to proceed *in forma pauperis* and dismiss his Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Boldrini's *pro se* status, the Court will grant him leave to file an amended complaint in the event he can cure the defects set forth above. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SÁNCHEZ, J.